UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RODRIC P. STANLEY,

Plaintiff,

v.

ALAMEDA COUNTY, et al.,

Defendants.

Case No. 26-cv-12096-RFL

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Rodrick Stanley, a prisoner at West County Reentry Treatment Housing Facility, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. The complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A(a). Though the complaint contains deeply troubling allegations about childhood sexual abuse and trauma in foster care and group homes, it contains a number of legal defects that need to be corrected if the case is to proceed, as described below. The complaint is DISMISSED with leave to file an amended complaint on or before **January 4, 2027**. Failure to file an amended complaint correcting the deficiencies identified by January 4, 2027, or a failure to comply in every respect with the instructions given in this order, will result in the dismissal of this suit under Rule 41(b) for failure to prosecute.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Pursuant to Fed. R. Civ. P. 8(a)(2), a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991)). *Accord Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.) "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Plaintiff's Allegations**

Plaintiff alleges as follows:

Between the ages of four and seventeen years-old, 1994 to 2006, he was subject to sexual abuse while in the custody of Alameda County Child Protective Services. (Dkt. No. 1 at 3.) He

was sexually abused while in foster homes from 1994 to 1998. (*Id.*) He was arrested in 1999, when he was nine years old and taken to a facility. (*Id.*) He was forced to take off his clothes while in custody and undergo a visual search, which was triggering based on the prior abuse. (*Id.* at 3-4.) He was not sexually abused by the staff and was released to his mother a few hours later. (*Id.* at 4-5.) Plaintiff was arrested again in 2001 and subject to another strip search. (*Id.* at 5.) He also had to shower at the facility in a manner visible to staff. (*Id.*) He was arrested three other times in 2001 and many times in the years that followed and was strip searched and subject to group showers where adults could observe him. (*Id.* at 5, 8.)

In 2000, Plaintiff was taken out of his mother's custody and sent to a group home. (*Id.* at 6.) He witnessed other boys in the group home engage in consensual sexual acts because no one was checking on them. (*Id.* at 6-7.) At other group homes, he witnessed boys raping other boys and another boy attempted to sexually assault him before staff arrived and separated them. (*Id.* at 7.) Plaintiff never received any counseling while he was experiencing these traumatic events. (*Id.* at 8-9.) He was later sent to a California Youth Facility for several years and was forced to be in group showers, was assaulted by others, and was not provided any education. (*Id.* at 11.) He was released at twenty years old, but did not have an education and felt lost. (*Id.*) He seeks money damages from Alameda County, Alameda County Child Protective Services, and the California Youth Authority. (*Id.* at 12-13.)

**C. Analysis**

The complaint does not explain how the alleged misconduct is related. Federal Rules of Civil Procedure 20(a)(2)(A) bars joinder of unrelated claims against different defendants. "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits," and such separation is important to effectuate the purposes of the Prison Litigation Reform Act. *Id.* (citing 28 U.S.C. § 1915(g)); *see also Standley v. Montana*, No. 22-35824, 2024 WL 1253797, at *1 (9th Cir. Mar. 25, 2024) (citing *George* with approval). Here, the allegations span multiple

contexts over many years. The complaint does not allege that particular case workers or other officials were coordinating his placement or otherwise mishandling his situation in a way that applied across these contexts. The complaint is dismissed with leave to amend to bring only those claims about a single event or a single set of related events, or to allege facts supporting a plausible basis to believe the events described are related. Other claims may be brought in separate actions.

There are also several other legal defects in the claims, which are explained here to give Plaintiff an opportunity to fix them when amending the complaint. First, as to the allegations of sexual abuse from 1994 to 1998, it is conceivable that Plaintiff could allege viable claims against foster parents as state actors under Section 1983, and that those claims might not be barred under the statute of limitations. However, at a minimum, to allege those claims, Plaintiff would need to identify the specific individuals and acts that occurred and name those individuals as Defendants in this case. As pled, the complaint does not contain that information. Nor does the complaint identify any individual at Alameda County Child Protective Services who was aware of the abuse and failed to stop it, or who committed any other specific act that Plaintiff contends violated his rights.

Second, as to the allegations that he was subjected to group showers and strip searches in juvenile detention in a manner that triggered him due to his history of sexual abuse, he does not provide sufficient information to state a claim. He does not identify any officials who required him to be subjected to the group showers and strip searches, or provide facts indicating that they continued to impose such requirements despite having information about his history of abuse or experience of being triggered. Nor does he allege facts indicating that the California Youth Authority or Alameda County had a policy or practice of requiring group showers and strip searches in those situations, as would be necessary to state a claim against those entities directly pursuant to *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658 (1978). *See City of Canton v. Harris*, 489 U.S. 378, 389-91 (1989) (To impose municipal liability a plaintiff must show: (1) that he possessed a constitutional right of which he or she was deprived; (2) that the

municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation.) Also, these events occurred more than twenty years ago. In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code § 335.1, and that is the applicable statute in Section 1983 actions. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). Although a longer statute of limitations applies to sexual abuse claims, he does not allege he was sexually abused at the juvenile detention facilities, but instead that his treatment there triggered him, due to his history of abuse.[1]

Third, as to the allegations about suffering emotional harm at the group homes and not being provided an education by the California Youth Authority, Plaintiff has not stated a claim because he again does not identify a specific individual who acted or failed to act in the required manner, or allege facts showing that California Youth Authority had a policy or practice that violated the law. Also, Plaintiff has also not alleged which right(s) secured by the Constitution or laws of the United States were violated and how. Plaintiff must identify specific Defendants and describe their actions and how they violated his rights. He must also address the timeliness of these claims under the statute of limitations, as described above.

**CONCLUSION**

The complaint is DISMISSED with leave to file an amended complaint on or before **January 4, 2027**. The amended complaint must include the caption and civil case number used in this order (26-12096 RFL (PR)) and the words FIRST AMENDED COMPLAINT on the first page. <u>The first amended complaint must also appear on this Court's form</u>. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended

[1] California recognizes imprisonment as a disability that tolls the statute of limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life." Cal. Civ. Proc. Code § 352.1(a). The tolling is not indefinite, however; the disability of imprisonment delays the accrual of the cause of action for a maximum of two years. *See id*.

complaint all the claims he wishes to present and all of the Defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from any prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) without further notice to Plaintiff.

It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 25, 2026

RITA F. LIN
United States District Judge